UNITED STATES DISTRICT COURT FOR THE
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Zhengzhouchengguankejiyouxiangongsi dba BigDolphin, <br><br> *Plaintiff*, <br><br> v. <br><br> CROSS INNOVATIONS, LLC, <br><br> *Defendant*. | Civil Action No. 26-cv-115 <br><br> JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiff Zhengzhouchengguankejiyouxiangongsi[1] dba BigDolphin ("Plaintiff") primarily seeks a declaratory judgment of patent non-infringement of Bed Assistant Rails as defined herein ("Accused Products") and unenforceability against United States Patent No. 12,350,210 ("Patent").

### INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to

---

[1] Zhengzhouchengguankejiyouxiangongsi can be translated to Zhengzhou Chengguan Technology Co., Ltd.

bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant Cross Innovations, LLC ("Defendant") reported to Amazon meritless and bad faith "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

**NATURE OF THE ACTION**

6. This is an action for Declaratory Judgment of patent non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq,* and the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*.

7. This action arises from a complaint submitted by Defendant to Amazon.com concerning Plaintiff's Amazon listing under ASINs B0FJ1P5C39 and B0FHW97NB4, causing significant harm to Plaintiff.

## PARTIES

8. Plaintiff Zhengzhouchengguankejiyouxiangongsi dba BigDolphin is a type of foreign limited company organized under the laws of China.

9. Upon information and belief, Defendant Cross Innovations, LLC is a Wyoming limited liability company with a principal place of business located at 1603 Capitol Ave., Suite 310 A435, Cheyenne, WY 82001.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

13. Plaintiff is an e-commerce company selling various bed assist rails on Amazon under the store named BigDolphin.

14. The Accused Products at issue are bed assist rails identified by ASIN Nos. B0FJ1P5C39 and B0FHW97NB4.

15. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for bed assist rails, Plaintiff needs their products listed in the Amazon marketplace.

16. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiff. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 12,350,210

17. Defendant Cross Innovations, LLC is the assignee of record of the Patent, attached as Exhibit A.

18. The Patent is entitled "BED RAIL SYSTEM" and generally discloses in independent claim 1: "A bed rail system for assisting a user with use on a bed, the bed rail system comprising: a first pipe member; a second pipe member disposed parallel to the first pipe member within the bed rail system; a removable cross member, the removable cross member comprising a first side, a second side, a third side, a fourth side, a first end, and a second end, the removable

cross member coupled to the first pipe member at the first end and the removable cross member coupled to the second pipe member at the second end, the removable cross member comprising a hollow cavity defined within the first side, a first finger cutout defined within the second side, and a second finger cutout defined within the third side; a light bar comprising a light source, the light bar configured to be removably disposed within the hollow cavity of the removable cross member." *Id*.

19. The Patent was filed on November 17, 2022, and was issued on July 08, 2025. *Id*.

20. The Patent claims priority to application No. 17,988,996, filed on November 17, 2022. *Id*.

21. The Patent comprises eight (8) claims all directed to a bed rail system. *Id.*

## DEFENDANT

22. Defendant sells bed rail systems protected by the Patent under the name LUNDERG.

23. In November 2025, Defendant lodged a meritless Amazon infringement Complaint (Complaint ID: 18802872931) ("Complaint") against Plaintiff and the Accused Products. *See* Exhibit B.

24. Therein, Defendant identified the Patent as the intellectual property asserted.

25. Amazon responded to the Complaints by quickly removing or delisting the Accused Products.

## CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

26. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

27. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

28. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally, or under the doctrine of equivalents, any claims of the Patent.

29. For example, the Accused Products do not comprise each and every element of exemplary claim 1 of the Patent. The following elements of claim 1 of the Patent are missing from the Accused Products: "a removable cross member, the removable cross member comprising a first side, a second side, a third side, a fourth side, a first end, and a second end, the removable cross member coupled to the first pipe member at the first end and the removable cross member coupled to the second pipe member at the second end, the removable cross member comprising a hollow cavity defined within the first side, a first finger cutout defined within the second side, and a second finger cutout defined within the third side, a light bar comprising a light source, the light bar configured to be removably disposed within the hollow cavity of the removable cross member."

30. Specifically, the Accused Products at least do not comprise the claimed removable cross member in a cuboid shape with a hollow cavity within one side of the cuboid. In contrast, the Accused Products have a non-removable tubular cross member without any hollow cavity.

31. Specifically, the Accused Products further do not comprise the claimed light bar configured to be removably disposed within the hollow cavity of the removable cross member. In contrast, the Accused Products having its motion sensing LED light attaches to a removable

storage pocket, which can be attached to and removed from the non-removable tubular cross member and the side bars by Velcro.

32.     Additionally, the Accused Products do not merely comprise a first pipe member and a second pipe member disposed parallel to the first pipe member within the bed rail system. In contrast, the Accused Products include two additional pipe members between the first and second pipe members for stabilization effect.

33.     Plaintiff therefore requests a judicial declaration that the Accused Products do not infringe any claims of the Patent.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A.  Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Products do not infringe any claim of the Patent;

C.  A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D.  Such further and additional relief as the Court deems just and proper.

Dated: January 30, 2026    Respectfully submitted,

*/s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No.: 24067927

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972-331-4603
twang@nilawfirm.com


*Counsel for Plaintiff*

- 8 -